### HENRY D. AND W. T. SCHUMACHER ET AL. V. JOHN W. SCHUMACHER ET AL.

Decided May 20, 1903.

**1.—Life Insurance Policy—Death of Beneficiary.**

Where life insurance policies were made payable to the wife of the insured, if living, and if not living, then to his executors, administrators and assigns, and the wife died before the insured, the policies become, on his death, a part of his estate, to be administered under the terms of his will.

**2.—Same—Will—Construction.**

Where the will of the insured did not mention the policies, but named certain of the testator's children as his residuary legatees, other children not so named could claim no interest in the proceeds of the policies.

Appeal from the District Court of Grimes. Tried below before Hon. J. M. Smither.

*W. W. Meachum,* for appellants.

*Haynes Shannon,* for appellees.

JAMES, CHIEF JUSTICE.—H. D. Schumacher, a son of Henry Schumacher, filed this suit against the executors and the other nine children of said Henry Schumacher, to recover a one-tenth interest in the proceeds of two insurance policies on the life of said Henry Schumacher, which had been received by his executors.

W. T. Schumacher, one of the defendants, being in like position as

plaintiff with reference to the fund, adopted plaintiff's pleadings, and also claimed a one-tenth interest in the policies.

The statement of facts shows that the policies were payable unto Emma L. Schumacher, wife of Henry Schumacher of Navasota, Texas, "if living, and if not living, then to his executors, administrators or assigns." Emma L. Schumacher died in 1893, and Henry Schumacher died in May, 1901, leaving a will which was duly probated, in which the said policies are not mentioned, but which contains the following provision: "I will and bequeath to my sons and my daughters, Robert Henry, John W., Ada Wesson, wife of Walter B. Wesson, Minnie J., Ella, Emma, Ruth and Baylor, all of the estate, right, title and interest in possession, reversion, or remainder which I now have, or may have at the time of my death, of, in and to any lands, tenements, hereditaments, or rents, charges upon or issuing out of same, or shall have of, in or to any personal property whatever. It being my will and desire that my said children, Robert, Henry, John W., Ada Wesson, wife of W. B. Wesson, Minnie J., Ella, Emma, Ruth and Baylor, shall have all of the property that I now possess or may possess at the time of my death, both real and personal, or mixed, it being my will that they shall share the same equally between them." And that under said clause in said will, H. D. Schumacher and W. T. Schumacher have no interest in and to the remaining estate of H. Schumacher, deceased.

Demand was duly made of John W. Schumacher, temporary administrator of said estate of Henry Schumacher, deceased, and of the executors of said estate, by the said Henry D. Schumacher, plaintiff, and said W. T. Schumacher, defendant, for their respective shares, one-tenth each of the said moneys collected by said John W. Schumacher, temporary administrator of said estate, upon said two policies of insurance as shown in paragraph 2 hereof, which was refused by said defendants.

The proceeds of the policies appear to have been received by the independent executors of said will. The statement of facts supplement the material facts above, by a recital which we copy, as it serves to clearly illustrate the respective contentions on those facts:

"That upon the facts aforesaid, the said Henry D. Schumacher and W. T. Schumacher each claim that under the provisions of said two policies, upon the death of the said Henry Schumacher, the proceeds of said two policies belonged to said ten heirs named in paragraph 4 of this agreement, as the children of the said Henry Schumacher, deceased, in which they shared equally, i. e., each was the owner of one-tenth thereof, and that the temporary administrator and executors of said estate were to collect said moneys and pay the same over to the said ten heirs respectively, they being appointed by said Henry Schumacher in said policies as trustees for the purpose; but the said John W. Schumacher, administrator pro tem, and the executors of the said estate of Henry Schumacher, deceased, claim that by the provisions of said poli-

cies and the will of said Henry Schumacher, deceased, as given in paragraph number 5 hereof, the entire proceeds of the said two policies belonged to his said eight legatees, viz., Robert Henry Schumacher, John W. Schumacher, Ada Wesson, wife of W. B. Wesson, Minnie Schumacher, Ella Schumacher, Emma Schumacher, Ruth Schumacher, and Baylor Schumacher, which they are to share equally between them, i. e., each one-eighth thereof, and that said Henry D. Schumacher and William T. Schumacher have no interest therein.

"That is to say that the executors claim that the proceeds of said policies are a part of the assets of the estate of the said Henry Schumacher, deceased. The said parties to this suit hereby submit to the court upon the agreed statement of facts aforesaid, the questions of law for the court to find, to whom said proceeds of said policies belong, and to render its judgment thereon, as aforesaid, each and all said parties reserving their right of appeal, if so desired, from whatever judgment the court may render in the case."

The trial judge's conclusion of law was as follows: "That the terms of the said two policies, after the death of the said Emma L. Schumacher, created a title to the said two policies absolute in Henry Schumacher, and that the proceeds of said policies collected after his death by his executors constituted a part of the assets of his estate, to be controlled and devised by the terms of said will the same as any other property belonging to his estate, and that all of said estate, including the proceeds of said policies, passed by the terms of said will to the persons named in said will as devised, and that the plaintiff Henry Schumacher and W. T. Schumacher are not entitled to any part of the amount collected out of said policies."

The first assignment of error attacks the following finding expressed in the judge's conclusions of fact,—in effect, that by the terms of the will appellants were not to receive any part of said H. Schumacher's estate,—as not a correct conclusion from the terms of the will as shown by the statement of facts. There was no other conclusion to be drawn, or construction to be placed on the will. The real position which appellants take seems to be that the proceeds of these policies were not any portion of the estate of Henry Schumacher, and not affected by the provisions of his will.

In the second assignment of error appellant's position is definitely stated to be that the court should have found that by the terms of the policies the title to same vested, when taken out, in Emma Schumacher, wife of Henry Schumacher, if living at the time of his death, and if not living, then in his executors, administrators or assigns, and the said Henry Schumacher never having assigned said policies at his death, the legal title to said policies, by the terms thereof, vested in said executors or administrators as a class of trustees to collect same and pay same over to his ten children share and share alike; and that said Henry

Schumacher did not change the terms of said policies by the provisions of his will, as the same are not mentioned therein.

It seems to us that the question is not whether appellants are entitled to any of the property of the estate of the testator, for the will clearly disinherits them; but the question raised is one of construction of the policies. The beneficiary of these policies, after the death of Mrs. Schumacher, were Henry Schumacher, his executors, administrators or assigns. He never assigned them, and died leaving a will with executors. Upon his death the executors of the will became the persons entitled to receive the proceeds, as a part of his estate to be administered by them according to its terms. The naming of "executors" in the policy contemplated a disposition of the policies by Schumacher by will. The policies were a part of his estate. Dulaney v. Walsh, 37 S. W. Rep., 615. The instrument under which the executors are acting, and which disposed of his entire property, cut appellants off from any share in the estate, including the proceeds of these policies.

Agreeing with the conclusions of the trial judge, we affirm the judgment.

*Affirmed.*

Writ of error refused.